| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>PARKER McCAY P.A.<br>BRIAN E. CAINE<br>9000 Midlantic Drive; Suite 300<br>Mt. Laurel, New Jersey 08054<br>(856) 596-8900<br>Attorney for MTGLQ Investors, LP, its successors and/or assigns | Order Filed on November 18, 2016<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>RONALD M. DAVIS<br>ANGELA LORRAINE DAVIS | Case No. 14-21357<br>Chapter 13<br>Hearing: November 2, 2016<br><br>Judge: GAMBARDELLA |

## ORDER RESOLVING MTGLQ INVESTORS, LP'S MOTION FOR RELIEF FROM STAY SUBMITTED UNDER THE 7-DAY RULE

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**.

**DATED: November 18, 2016**

*Rosemary Gambardella*
Honorable Rosemary Gambardella
United States Bankruptcy Judge

**(Page 2)**
Debtors: Ronald M. Davis & Angela Lorraine Davis
Case No: 14-21357-RG
Caption of Order: Order Resolving MTGLQ Investors, LP's Motion for Relief from Stay submitted under the 7-day rule

Upon consideration of MTGLQ Investors, LP's, its successors and/or assigns, (hereinafter "Movant") application for an order, pursuant to section 362(d) of the Bankruptcy Code, for relief from the automatic stay as to certain real property as hereinafter set forth, and the Court noting the consent of the parties to the form, substance and entry of the within Order; and for cause shown, it is hereby;

**ORDERED** as follows:

1. As of October 28, 2016, the Debtors are currently due for August 1, 2016 through and including October 1, 2016 post-petition payments which total **$15,422.44**:

    12 months @ $1,397.25 (11/15-10/16): $16,767.00
    Suspense:                            ($1,344.56)

Said arrearages shall be cured by Debtor as follows:

a) The aforesaid arrears totaling $15,422.44 are hereby added to Debtors' Chapter 13 Plan to be paid by the Chapter 13 Trustee as an administrative Claim.

b) The Trustee shall amend her records to reflect the Movant's administrative claim in the amount of $15,422.44, pursuant to this Order and pay said claim to Movant in normal course.

2. Commencing with the November 1, 2016 post-petition mortgage payment and continuing each month thereafter for the duration of this Chapter 13 proceeding, Debtors shall remit payments directly to Movant as same come due.

**(Page 3)**

Debtors: Ronald M. Davis & Angela Lorraine Davis
Case No: 14-21357-RG
Caption of Order: Order Resolving MTGLQ Investors, LP's Motion for Relief from Stay submitted under the 7-day rule

2. Debtors shall reimburse Movant through their Chapter 13 Plan of Reorganization, as an administrative claim, the sum of $676.00 for attorney's fees and costs incurred by Movant in the prosecution of its application for relief from stay.

3. **Thirty-Day Default Clause:** If the Debtors should default and fail to make the payments stated herein or any future payments that come due during the pendency of this case to Movant and/or to the Chapter 13 Trustee for more than (30) days from the due date or to the Chapter 13 Trustee, then upon certification of non-receipt of said payments in accordance herewith submitted by secured creditor's counsel, the Court shall enter a General Relief Order, vacating the automatic stay of 11 *U.S.C.* §362(a) with respect to secured creditor's enforcement of its State Law Foreclosure action against the realty commonly known as 5 Oak Lane, Lake Hiawatha, New Jersey 07034. The Order submitted to the Court will not require the consent of the Debtors or the Debtors' counsel regarding form or substance, however, the trustee, Debtors and their counsel shall be given notice of any filing of a certification of non-receipt in accordance with Rule 9072-1 of the Local Rules of Bankruptcy Procedure.

4. If the case is converted to a Chapter 7, the Movant may file a Certification of Default with the Court and the Court may enter an Order granting Movant relief from the automatic stay.

5. Movant shall serve a copy of the executed order on all interested parties who have not yet been served electronically by the Court.